**ANDREW JOHN CALCAGNO** (AC 3085)
Attorney At Law
404 Manor Road
Staten Island, New York 10314
(718) 815-0200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 174 COMMERCIAL HEALTH CARE FUND, and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 174 PENSION FUND,

      Petitioners,

-against-

H. & M. S. MEAT CORP. a/k/a H & M S MEAT CORP.,

      Respondent.
---------------------------------------------------------------X

Case No. 07-cv-3870(KMK)(RLE)
ECF CASE

**PETITION TO CONFIRM ARBITRATION AWARD**

The Petitioners, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Commercial Health Care Fund and Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Pension Fund, by and through their attorney, Andrew John Calcagno, as and for their Petition, respectfully allege as follows:

### NATURE OF ACTION

1. This is an action to confirm one (1) labor arbitration award issued by William Clarke dated December 28, 2006.

2. Jurisdiction of this Court is invoked pursuant to the Employee Retirement Income Security Action of 1974, 29 U.S.C. 1132 ("ERISA"), Section 301(a) of the Labor-Management Relations Act of 1974 29 U.S.C. 185(a) the "Act", and Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9.

3. Venue is properly laid in this Judicial District pursuant to 29 U.S.C. 185(a) and 1132 and 9 U.S.C. Section 9.

**PARTIES**

4. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Commercial Health Care Fund (the "174 Health Fund"), is a fiduciary empowered to bring this action on behalf of the 174 Health Fund within the meaning of ERISA section 502. The 174 Health Fund is an employee welfare benefit plan within the meaning of ERISA Section 2(1). The Health Fund was established and is maintained by the Union and various employers for the purpose of providing health care coverage and other benefits to members of the Union working for various employers, including the Respondent herein. The Health Fund maintains its principal place of business at 540 West 48th Street, New York, New York.

5. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Pension Fund (the "174 Pension Fund"), is a fiduciary empowered to bring this action on behalf of the 174 Pension Fund within the meaning of ERISA section 502. The 174 Pension Fund is an employee welfare benefit plan within the meaning of ERISA Section 2(1). The Pension Fund was established and is maintained by the Union and various employers for the purpose of providing retirement income and benefits to members of the Union working for various employers, including the Respondent herein. The Pension Fund maintains its principal place of business at 540 West 48th Street, New York, New York.

6. The 174 Health Fund and the 174 Pension Fund are collectively hereinafter known as "the Funds".

7. Respondent, H. & M. S. Meat Corp. a/k/a H & M S Meat Corp., is an employer within the meaning of ERISA and is bound by a collective bargaining agreement (the "Agreement")

entered into between the Petitioners and the Respondent. The Respondent's principal place of business is B-22 Hunts Point Co-op Market, Bronx, New York 10474.

## **FACTS**

8. The Union and the Employer are parties to the Agreement, which sets forth the wages, hours and conditions of employment for members of the Union working for the Employer.

9. Pursuant to the provisions of the Agreement, the Employer is obligated to make certain monthly contributions to the 174 Health Fund to provide health care benefits and to the 174 Pension Fund to provide retirement income and benefits for its employees.

10. Pursuant to the provisions of the Agreement, the Employer agreed to be bound by the Declarations of Affiliated and other documents of the Funds, and authorized the Funds to maintain an action on its own behalf to collect contributions due and owing to the 174 Health Fund and the174 Pension Fund.

11. In pertinent part, the Agreement further provides that disputes between the Union and the Employer are to be resolved by arbitration and that the award of the arbitrator is final and binding and enforceable in any court of competent jurisdiction.

12. Pursuant to the provisions of the Agreement, if the Employer fails to make contributions to the Funds in a timely manner, the Funds are entitled to recover from the Respondent the outstanding contributions to the Funds plus interest, liquidated damages, reasonable attorney's fees, court costs and disbursements.

13. For the month of October 2006, the Employer has failed to make some or all of the contributions to the 174 Health Fund and the174 Pension Fund as required by the Agreement.

14. The amounts owed by the Employer for such contributions in accordance with the Arbitration Award (the "Award") dated December 28, 2006 for the month of October 2006 are as follows:

    - Local 174 Health Care Fund           $  1,348.00
    - Local 174 Pension Fund               $     400.00
    - Interest @ 18% per annum             $      13.11
    - Liquidated Damages @ 20%             $     352.22
    - Attorney's Fees                      $     800.00
    - Arbitration Fees                     $     800.00
      **TOTAL**                            **$  3,713.33**

15. The total amounts owed by the Employer to the 174 Health Fund and the 174 Pension Fund, including Attorney's Fees, interest, liquidated damages, and Arbitration Fees for such contributions in accordance with the arbitration award (the "Award") during the above-referred periods is **$3,713.33**. *See* Arbitration Award, a copy of which is attached hereto as **Exhibit A**, and made a part hereof.

### DECEMBER 28, 2006 ARBITRATION PROCEEDINGS AND AWARD

16. After notice was duly given to the Employer, Arbitrator Clarke conducted a hearing with regard to the Petitioners' claims for contributions. There was no appearance made on behalf of the Employer. During the hearing, the arbitrator received proof relating to contributions due and owing by the Employer to the 174 Health Fund and the 174 Pension Fund.

17. On December 28, 2006, Arbitrator Clarke issued his award, a copy of which is annexed hereto as Exhibit A. In pertinent part, the Arbitrator found that the Employer violated the Agreement by failing to make contributions to the 174 Health Fund and the 174 Pension Fund.

18. The Arbitrator found that the Employer was obligated to pay a total of **$3,713.33** to the 174 Health Fund and the 174 Pension Fund.

19. Although the 174 Health Fund and the 174 Pension Fund have demanded that the Employer comply with the Arbitration Award, the Employer has refused and has failed to pay the foregoing amount.

20. No part of the foregoing amount has been paid by the Employer and the Employer is not entitled to any credits or offsets.

**WHEREFORE,** the Petitioners respectfully request an order and judgment:

    a.    confirming the arbitration award by William Clarke dated December 28, 2006;

    b.    granting the Petitioners costs and legal fees in bringing this action; and

    c.    for such other and further relief as this Court may deem just, proper and equitable.

Dated: Staten Island, New York
       April 5, 2007

/S/
**ANDREW JOHN CALCAGNO (AC 3085)**
*Attorney At Law*
*Attorney for the Petitioners*

*Main Office*
213 South Avenue East
Cranford, NJ 07016
Tel: (908) 272-7300
Fax: (908) 272-5577

*Satellite Office*
404 Manor Road
Staten Island, New York 10314
Tel: (718) 815-0200