**ANDREW JOHN CALCAGNO** (AC 3085)
Attorney-At-Law
404 Manor Road
Staten Island, New York 10314
(718) 815-0200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
——————————————————————X

RICHARD ABONDOLO, as Chairman of the Board of      :
Trustees of UFCW LOCAL 174 COMMERCIAL              :    Case No. 07-cv-3870 (RJS)(RLE)
HEALTH CARE FUND, and RICHARD ABONDOLO, as :              ECF CASE
Chairman of the Board of Trustees of UFCW LOCAL 174 :
PENSION FUND,                                      :
                                                   :
                                                   :    **AFFIRMATION OF**
          Petitioners,                             :    **ANDREW JOHN**
                                                   :    **CALCAGNO IN**
          -against-                                :    **SUPPORT OF**
                                                   :    **SUMMARY JUDGMENT**
H. & M. S. MEAT CORP. a/k/a H & M S MEAT CORP.,    :
                                                   :
          Respondent.                              :
——————————————————————X

STATE OF NEW JERSEY    )
                       ) ss.:
COUNTY OF UNION        )

     ANDREW JOHN CALCAGNO, being duly sworn, hereby affirms:

1.     I am a member of the Bar of this Court and am a member of the firm of Calcagno & Associates Attorneys at Law, LLC, attorneys for Petitioners in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2.     I make this affidavit in support of Petitioners' Motion for Summary Judgment against the Respondent.

3.     This is an action to recover monies owed by Respondent to Petitioners for contributions due under a Collective Bargaining Agreement attached to Petitioners Brief as **Exhibit B** and incorporated herein by reference.

4.    Jurisdiction of the subject matter of this action is based on the Employee Retirement Income Security Action of 1974, 29 U.S.C. 1132 ("ERISA"), Section 301(a) of the Labor-Management Relations Act of 1974, 29 U.S.C. 185(a) the "Act", and Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9.

5.    This action was commenced on May 17, 2006 by the filing of the Petition to Confirm an Arbitration Award. A copy of the Summons and Petition were personally served on the Defendant, H. & M. S. Meat Corp. a/k/a H & M S Meat Corp., on June 12, 2007, by personal service on John Doe, white male with glasses, grey hair, approximately 55 years old, 5'8", and 175 lbs., who was authorized to accept service on behalf of Defendant; and also served on June 20, 2007 by personal service upon Carl Vogt, in the Office of the Secretary of State of the State of New York, who was authorized to accept service on behalf of Defendant and proof of service by the Process Server proof of such service thereof was filed on June 19, 2007 and June 28, 2007 via ECF and received by the Clerk on June 25, 2007 and July 2, 2007. The Respondent has not answered the Petition and the time for the Respondent to answer the Petition has expired.

6.    This action seeks judgment for the liquidated amount of $2,814.66 plus pre-judgment interest at 18% in the amount of $613.24; additional attorney's fees to enforce the Arbitration Awards in the amount of $5,005.00, costs and disbursements of this action in the amount of $507.39; for a total of **$8,940.29** as of December 10, 2007, as shown by the Statement of Amount Due, a copy of which is attached to Petitioners Brief as **Exhibit H**, which is justly due and owing, and no part of which has been paid, plus post-judgment interest thereon at 18% and additional attorneys' fees to collect the Judgment at $350/hr.

7.   An inquest would be unnecessary in this action because, the Petition filed by Petitioners was a Petition to Confirm the Arbitration Award, the facts of which have already been decided. Accordingly, it is uncontested and Respondent failed to apply for a stay of the Arbitration and has failed to file a Petition to Vacate the Arbitration Award.

8.   The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

9.   In the case at bar, both parties agreed to arbitrate disputes by the express written terms of the Collective Bargaining Agreement.  See copy of the CBA attached to Petitioners' Brief as **Exhibit B**.  Both parties understood that the results of an arbitration hearing were binding and that both parties would abide by the Arbitration Award.

10.  Additional attorneys' fees and costs to enforce the Arbitration Award are warranted pursuant to ERISA § 502 and 29 U.S.C. 1132(g)(2)(D), which states:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
> > "…(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and…"

See copy of my fees and costs attached to Petitioners' Brief as **Exhibit F**, and incorporated herein by reference.

11.  Based upon the foregoing, Petitioners' Motion for Summary Judgment should be granted and Petitioners' Petition should be enforced.

WHEREFORE, Petitioners respectfully request that Summary Judgment be granted for the Petitioners against the Respondent and Petitioners' Petition should be enforced.

Dated: Cranford, New Jersey
       December 10, 2007

s/ Andrew John Calcagno
ANDREW JOHN CALCAGNO