**ANDREW JOHN CALCAGNO** (AC 3085)
Attorney-At-Law
404 Manor Road
Staten Island, New York 10314
(718) 815-0200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────────X

| | |
|---|---|
| RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 174 COMMERCIAL HEALTH CARE FUND, and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 174 PENSION FUND, | Case No. 07-cv-3870 (RJS)(RLE) ECF CASE |
| Petitioners, | |
| -against- | |
| H. & M. S. MEAT CORP. a/k/a H & M S MEAT CORP., | |
| Respondent. | |

─────────────────────────────────────X

BRIEF IN SUPPORT OF PETITIONERS' MOTION FOR SUMMARY JUDGMENT

1

## Introduction

The Petitioners are Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Commercial Health Care Fund ("Health Care Fund") and Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Pension Fund ("Pension Fund") (collectively hereinafter referred to as the "Funds"), which were established and maintained by the Union and the Respondent, H. & M. S. Meat Corp. a/k/a H & M S Meat Corp. ("H & M S" and/or "Respondent" and/or "Employer"). The purpose of the Funds is to provide health care coverage and retirement income and benefits, respectively, to members of the Union. The Union and the Respondent are parties to a written collective bargaining agreement ("CBA"). See CBA, a true and correct copy of which is attached hereto as **Exhibit B**, and made a part hereof. By failing to make certain monthly contributions to the Health Care Fund and Pension Fund, the Respondent did not comply with the terms of CBA. The dispute was referred to arbitration as prescribed by the CBA. See, Article 41 of the CBA at pp. 32, a copy of which is attached hereto as **Exhibit B**, and made a part hereof. On December 28, 2006, the arbitrator issued an award requiring the Respondent to pay certain sum amounts. The Respondent has failed to comply with the arbitrator's decision and the Petitioners were compelled to file a suit in federal court confirming the arbitration award. See, Petition, a copy of which is attached hereto as **Exhibit A**, and made a part hereof. This brief is in support of the Petitioners' Motion for Summary Judgment against the Respondent and in support of Petitioners' Petition to Confirm the Arbitration Award.

## Statement of Material Facts

1. Petitioner, the Health Care Fund, is a fiduciary empowered to bring this action on behalf of the 174 Health Fund within the meaning of ERISA section 502. The 174

      Health Fund is an employee welfare benefit plan within the meaning of ERISA Section 2(1). The Health Care Fund was established and is maintained by the Union and various Employer for the purpose of providing health care coverage and other benefits to members of the Union working for various Employer, including the Respondent herein.

2. Petitioner, the Pension Fund, is a fiduciary empowered to bring this action on behalf of the 174 Pension Fund within the meaning of ERISA section 502. The 174 Pension Fund is an employee welfare benefit plan within the meaning of ERISA Section 2(1). The Pension Fund was established and is maintained by the Union and various Employer for the purpose of providing retirement and other benefits to members of the Union working for various Employer, including the Respondent herein.

3. Respondent, H & M S, is an employer within the meaning of ERISA and is bound by the CBA. *See*, CBA, a copy of which is attached hereto as **Exhibit B** and made a part hereof.

4. The CBA sets forth the wages, hours and conditions of employment for members of the Union working for the Employer. Id.

5. Pursuant to the provisions of the CBA, the Employer is obligated to make certain monthly contributions to the Health Care Fund to provide health care benefits for its employees, and to the Pension Fund to provide retirement income to its employees. Id. at Article 19 pp. 20 and Article 20 pp. 23

6. Pursuant to the provisions of the CBA, the Employer agreed to be bound by the Declarations of Affiliated and other documents of the Funds, and authorized the

Funds to maintain an action on their own behalf to collect contributions due and owing to the Funds. Id.

7. In pertinent part, the CBA further provides that disputes between the Union and the Employer are to be resolved by arbitration and that the award of the arbitrator is final and binding and enforceable in any court of competent jurisdiction. Id. at Article 41

8. Pursuant to the provisions of the CBA, if the Employer fail to make contributions to the Health Care Fund and the Pension Fund in a timely manner, the Health Care Fund and the Pension Fund are entitled to recover from the Respondent the outstanding contributions to the Health Care Fund and Pension Fund, plus interest, liquidated damages, reasonable attorney's fees, court costs and disbursements. Id. at Article 41, Paragraph B.

9. For the month of October 2006, the Employer have failed to make some or all of the contributions to the Health Care Fund and Pension Plan as required by the CBA. See, Arbitration Award, a copy of which is attached hereto as **Exhibit C**, and made a part hereof.

10. The amounts owed by H & M S for such contributions in accordance with the arbitration award (the "Award") during the above-referred period is as follows:

- Local 174 Health Care Fund         $   1,348.00
- Local 174 Pension Fund             $     400.00
- Interest @ 18% per annum           $      13.11
- Liquidated Damages @ 20%           $     352.22
- Attorney's Fees                    $     800.00
- Arbitration Fees                   $     800.00
  **TOTAL**                          **$   3,713.33**

See, Arbitration Award, a copy of which is attached hereto as **Exhibit C**, and made a part hereof.

11. The total amounts owed by the Employer to the Health Care Fund, Pension Fund, Attorney's Fees for attending the Arbitration, interest, liquidated damages, and Arbitration Fees for such contributions in accordance with the arbitration award (the "Award") during the above-referred period is **$3,713.33**. Id.

12. After notice was duly given to the Employer, the arbitrator conducted a hearing with regard to the Petitioners' claims for contributions and dues. No one appeared on behalf of the Employer. During the hearing, the arbitrator received proof relating to Contributions due and owing by the Employer to the Health Care Fund and the Pension Fund.

13. On December 28, 2006, the arbitrator issued his award. In pertinent part, the arbitrator found that the Employer violated the CBA by failing to make contributions to the Health Care Fund and the Pension Fund.

14. The Arbitrator found that the Employer was obligated to pay a total of **$3,713.33** to the Funds. See **Exhibit C**.

15. The Funds demanded that the Employer comply with the Arbitration Award. See copy of letter dated January 5, 2007 from the Funds to the Employer, a copy of which is attached hereto as **Exhibit D**, and made a part hereof.

16. After receiving no response from the Employer, Petitioners' filed suit on May 17, 2007. See Petition, a copy of which is attached hereto as **Exhibit A,** and made a part hereof.

17. The Respondent was served via personal service on June 12, 2007 and via Secretary of State of the State of New York on June 20, 2007. See two (2) Affidavits of Service, copies of which are attached hereto as **Exhibit G**, and made a part hereof.

18. The Employer made one payment in the amount of $898.67 on October 30, 2007 and has refused and failed to pay the remaining amounts. *See* check issued by the Employer dated October 30, 2007, a copy of which is attached hereto as **Exhibit E**, and made a part hereof.

19. The Employer is only entitled to a credit of $898.67.

## Legal Argument

**I.    THE COURT MUST ENFORCE THE ARBITRATION AWARD**

The district court's review of an arbitration award is governed by the Federal Arbitration Act (the "FAA"). *See*, ITXC Corporation v. Teleconomico USA, Inc., 2002 U.S. Dist LEXIS 18457 (2002). Under the FAA, a court must confirm an award upon proper application unless the award is vacated, modified or corrected. *See*, 9 U.S.C.A. §9. The Supreme Court has held that "courts play only a limited role when asked to review the decision of an arbitrator" and may not "reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987). Under this limited review, an arbitral award is legitimate if the arbitrator acts within the scope of his authority and it "draws its essence from the collective bargaining agreement." Enterprise Wheel & Car Corp., 363 U.S. 593, 598, 363 U.S. 593, 597 (1960). The reasoning behind the federal courts' great deference to an arbitrator's determination is to encourage and facilitate the role played by arbitration in resolving disputes under collective bargaining agreements and the recognition that "the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." *See*, Enterprise Wheel, 363 U.S. at 596.

In the case at bar, federal law as well as federal policy requires the Court to confirm the arbitration award and grant the Petitioners' application for Summary Judgment. The Respondent has not moved to vacate or modify the award but simply refuses to abide by the arbitrator's decision. In this matter, the arbitrator clearly acted within the scope of his authority and the award was drawn from the essence of the CBA. Accordingly, the Petitioners' Petition to Confirm the Arbitration Award should be enforced and Motion for Summary Judgment should be granted.

A.    **The Arbitrator Acted Within The Scope Of His Authority**

An arbitrator's scope of authority depends on the intention of the parties to the arbitration and is determined by the collective bargaining agreement or submission. Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir. 1987).

There is no question that the arbitrator acted within the scope of his authority. The CBA specifically outlines the Respondent' responsibilities regarding their monthly contributions to the respective funds. In fact, Articles 19 and 20 of the CBA requires the Employer to make monthly contributions for each eligible fulltime employee to the Health Care Fund and Pension Fund. See CBA at Articles 19 and 20, a copy of the CBA is attached hereto as **Exhibit B** and made a part of. Additionally, the CBA refers any disputes concerning said contributions to arbitration. The specific language of the CBA clearly and unequivocally refers an Employer's failure to pay contributions to arbitration:

> "Not withstanding any provisions of this Agreement, the parties specifically agree that any claim for failure by an Employer to pay any contributions due under this Agreement to any Fund may be made and submitted for arbitration by any party hereto and/or by the Trustees of any Fund to which contributions are to be made pursuant to the provisions of the Agreement…" *See*, id .at Article 41.

Based on the provisions of the CBA, the determination of the Respondent's monetary obligations to the Health Care Fund and Pension Funds are arbitratable and within the realm of

7

the arbitrator's authority. Since the matter at hand is clearly within the scope of the arbitrator's authority the Petitioners' Petition to Confirm the Arbitration Award should be enforced and Motion for Summary Judgment should be granted.

> **B.** **The Arbitration Award Was Drawn From The Essence of the Collective Bargaining Agreement**

The determination of whether the arbitration award drew its essence from the collective bargaining agreement requires the court to determine "whether the arbitrator interpreted an arguably ambiguous contractual provision in light of the intent of the parties, or merely administered his own brand of justice in contradiction of the clearly expressed language of the contract." Local 1199, Drug, Hospital and Health Care Employees Union v. Brooks Drug Co., 956 F.2d 25, 26 (2d Cir. 1992). In order to satisfy this standard, the arbitrator "need only explicate his reasoning under the contract 'in terms that offer even a barely colorable justification of the outcome reached." In re Marine Pollution Serv., 857 F.2d 91, 94 (2d Cir. 1988), *See also*, Wackenhut Corp v. Amalgamated Local 515, 126 F.3d 29, 31-32 (2d Cir. 1997). So long as the award does not directly contradict the express language of the collective bargaining agreement, the award is considered to have drawn its essence from the agreement." *See*, Local 813, Int'l Bortherhood of Teamsters v. Pioneer Carting Corp., 1997 U.S. Dist. LEXIS 1469, No. 96 Civ. 1044, 1997 WL 65909 (S.D.N.Y. Feb 13, 1997).

There is absolutely no ambiguity to the arbitrator's award as it relates to the provisions of the CBA. Article 41, paragraph B of the CBA explicitly provides the following:

> "In the event the Employer is delinquent or defaults in payment of any contributions to the UFCW Local 174 Commercial Health Care Fund, the UFCW Local 174 Pension Fund and the UFCW Local 174 Security Benefit Fund, or to any other Fund to which contributions are required by

8

>the Employer under this Agreement, any party to this Agreement and/or the Trustees of the Fund to which the contributions are due, may initiate action to collect the debt in which event the Employer shall pay, in addition to the amounts of the contributions due, all costs and expenses incurred by the initiating party in arbitration and/or court, or in other action and in the enforcement of any award or judgment including but not limited to, reasonable counsel fees, accountant's or auditor's fees, disbursements, and interest at the rate of eight percent (8%) per annum as to real persons and eighteen percent (18%), one point five percent (1.5%) percent per month per annum as to corporate entities…"

See **Exhibit B**.

After reviewing the evidence and testimony provided by both sides, the arbitrator found that the Respondent was delinquent in the payment of contributions to the Health Care Fund and Pension Fund. See arbitration award attached hereto as **Exhibit C** and made a part of. The arbitration award takes into consideration the amounts delinquent for the respective funds, the accumulated interest, liquidated damages, attorneys' fees and the cost of the arbitration. Indeed, the determination of the award reflects the very essence of the CBA and represents the very intent of the involved parties. Since the arbitrator's findings and determinations are clearly justified, the Petitioners' Petition to Confirm the Arbitration Award should be enforced and Motion for Summary Judgment should be granted.

## II.    THERE IS NO GENUINE ISSUE OF MATERIAL FACT

Summary judgment "shall be rendered forthwith if the pleadings, depositions . . .together with the affidavits . . .show that there is no genuine issue as to any material fact . . . and . . . the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). A "moving party is 'entitled to judgment as a matter of law' [if] the nonmoving party has failed to make a sufficient showing of an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985). In deciding a summary judgment

9

motion, a court need not resolve disputed issues of fact, but need only determine whether there are any genuine issues to be tried. Eastman Mach. Co., Inc. v. U.S. 841 F.2d 469, 473 (2d Cir. 1988). A disputed fact is material only if it might affect the outcome of the suit under the governing law. A genuine factual issue exists if there is sufficient evidence favoring the nonmovant such that a reasonable jury could return a verdict in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-249 (1986).

Additionally, actions to confirm arbitration awards are straightforward proceedings in which no other claims are to be adjudicated. *See*, Ottley v. Schwartzberg, 819 F.2d 373, 377 (2d Cir. 1987). "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Picholz, 750 F.2d 171, 176 (2d Cir. 1984).

In an action to confirm an arbitration award such as in the matter at hand, there is no factual dispute for the courts to resolve. To the contrary, the fact finding process was established and a factual record was already concluded in the arbitration proceeding. With the Court's limited discretion concerning arbitration awards and an established factual record, the Petitioners' Petition to Confirm the Arbitration Award should be enforced and Motion for Summary Judgment should be granted.

### III. ATTORNEY'S FEES AND COSTS SHOULD BE GRANTED TO COUNSEL FOR THE PETITIONERS

#### A. Attorney's Fees Should be Granted Because the Respondent has Refused to Abide by the Arbitrator's Decision Without Justification

In actions for the confirmation enforcement of arbitral awards, a court may award attorney's fees if the party challenging the award has "refused to abide by an arbitrator's decision without justification." International Chemical Workers Union, Local 227 v. BASF Wyandotte

Corp. 774 F.2d 43, 47 (2d Cir. 1985). *See also*, F.D. Rich v. United States ex rel. Industrial Lumber Co., 417 U.S. 116, 129 (1974)("Attorney's fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reason").

In this matter attorney's fees are warranted. The arbitrator issued the award on December 28, 2006, nearly one (1) year ago. To date, the Respondent has only issued one (1) check in the amount of $898.67; however, has not questioned the validity of the arbitration award or made an application to the court to vacate or modify the award. In fact, the Respondent has failed to file an Answer in the within action. The Respondent has simply refused to comply with the arbitration award without any justification. As a result of the Respondent's blatant and unjustified defiance of the arbitrator's decision, the Petitioners' request for attorney's fees and costs should be granted.

**B.     Attorney's Fees Should be Granted Pursuant to the Provisions of the Collective Bargaining Agreement**

Article 41, paragraph B of the CBA provides for attorney's fees to counsel for the Funds by the Employer in the event the award must be enforced in federal court. Article 41 specifically states:

> "…any party to this Agreement and/or the Trustees of the Fund to which the contributions are due, may initiate action to collect the debt in which event the Employer shall pay, in addition to the amounts of the contributions due, all costs and expenses incurred by the initiating party in arbitration and/or court, or in other action and in the enforcement of any award or judgment including but not limited to, reasonable counsel fees, accountant's or auditor's fees, disbursements…"

Counsel for the Petitioners has a billable rate of $350 per hour and has expended 14.30 hours to enforce the arbitration award in Court. See Invoice of counsel for Petitioners dated December 10, 2007, a copy of which is attached hereto as **Exhibit F**, and made a part hereof.

See also, Petitioners' Statement of Amount Due, a copy of which is attached hereto as **Exhibit H**, and made a part hereof.

Based upon the foregoing, the Petitioners' request for attorney's fees and costs should be granted.

**C.    Attorney's Fees Should be Granted Pursuant to ERISA 502 and 29 USC 1132(g)(2)(D)**

ERISA 502 and 29 USC 1132(g)(2)(D) provide for attorney's fees to counsel for the Funds by the Employer in the event the award must be enforced in federal court. Specifically, ERISA 502 and 29 USC 1132(g)(2)(D) state:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
> "…(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and…"

Based upon the foregoing, the Petitioners' request for attorney's fees and costs should be granted.

## Conclusion

Based upon the foregoing, the Petitioners' Motion for Summary Judgment should be granted with attorneys' fees and the Court should confirm the Arbitration Award.

Dated: Cranford, New Jersey
         December 10, 2007

                                                                Respectfully submitted,


                                                                ____s/ Andrew John Calcagno_____
                                                                ANDREW JOHN CALCAGNO
                                                                Attorney for Petitioners