

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5\12\08

RICHARD ABONDOLO, As Chairman of
the Board of Trustees of UFCW Local 174
Commercial Health Care Fund,

                                    Petitioner,

        -v-

H. & M. S. MEAT CORP., a/k/a H & M S
MEAT CORP.,

                                    Respondent.

No. 07 Civ. 3870 (RJS)
MEMORANDUM
AND ORDER

RICHARD J. SULLIVAN, District Judge:

        Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Commercial

Health Care Fund ("Abondolo" or "Petitioner"), petitions to confirm an arbitration award against H.

& M. S. Meat Corporation ("Meat Corp." or "Respondent"), pursuant to 9 U.S.C. § 9. Respondent

has not appeared in this action. For the following reasons, Abondolo's petition is confirmed.

## I. BACKGROUND

        Abondolo is a fiduciary representing the United Food and Commercial Workers ("UFCW")

Local 174 Commercial Health Care Fund and the UFCW Local 174 Pension Fund (the "Union").

(Petitioner's Statement of Material Facts ¶¶ 2-3.) Meat Corp. and the Union are parties to a

collective bargaining agreement (the "Agreement"). (Pet.'s Br., Ex. B.) Under the Agreement, Meat

Corp. is required to make monthly contributions to health care and pension funds (the "Funds")

managed by the Union. (Id., Arts. 19-20.) Under the Agreement, if Meat Corp. fails to make

contributions in a timely manner, the Union is entitled to recover from Meat Corp. the outstanding contributions, plus interest, liquidated damages, reasonable attorney's fees, court costs and disbursements. (*Id.*) The Agreement further specifies that disputes between the parties are subject to binding arbitration. (*Id.*, Art. 41.)

Meat Corp. failed to make certain contributions required by the Agreement for the month of October 2006. (Pet.'s Br., Ex. C.) An arbitration proceeding was held on December 28, 2006 in New York. (*Id.*) Meat Corp. was notified of the arbitration proceedings, but did not participate. (*Id.*) On December 28, 2006, the arbitrator found that Meat Corp. violated the Agreement by failing to make contributions to the Funds, and issued an award in the amount of $3,713.33 (the "Arbitration Award"). (*Id.*)

Abondolo served a copy of the Arbitration Award on Meat Corp. on January 5, 2007. (Pet.'s Br., Ex. D.) On May 17, 2007, Abondolo filed the instant petition before the Honorable Kenneth M. Karas, District Judge, seeking to confirm the Arbitration Award and to award Abondolo legal fees and costs in bringing the action. Meat Corp. did not respond to the Petition. On September 4, 2007, the case was reassigned to the undersigned. On October 30, 2007, Meat Corp. made one payment to the Union, in the amount of $898.67. (Pet.'s Br., Ex. E.). On the face of the check, Meat Corp. noted that the payment was made "with reservation of rights, without prejudice and under protest." (*Id.*)

Because the petition was unopposed, the Court ordered Abondolo to supplement the petition and gave Meat Corp. the opportunity to respond, pursuant to *D.H. Blair & Co. v. Gottdiener*, 462 F. 3d 95, 107 (2d Cir. 2006). (*See* Order dated Nov. 8, 2007.) On December 10, 2007, Abondolo supplemented his petition with a memorandum of law in support of summary judgment, a statement

2

of material facts, and supporting documentation. Those materials were served on Respondent on December 12, 2007. To this date, Meat Corp. has not appeared in this action or opposed the Petition.

## II. DISCUSSION

### A.    Confirmation of Arbitration Award

Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 426 F.3d at 110 (internal citations omitted); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (holding that courts cannot review merits of arbitration awards entered into pursuant to agreement between employer and labor organization); *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) (holding that arbitration awards are entitled to great deference by the courts). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 426 F.3d at 110. "Only a barely colorable justification for the outcome reached" is necessary to confirm the award. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

Thus, in this Circuit, courts will "vacate an award only upon finding a violation of one of the four statutory bases [enumerated in the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 10(a)], or, more rarely, if we find a panel has acted in manifest disregard of the law." *Porzig v. Dresdner, Kleinwort, Benson, N.A. LLC*, 497 F.3d 133, 139 (2d Cir. 2007). Courts may find "manifest disregard of the law" only when "the arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice." *Major League Baseball*

3

*Players Ass'n*, 532 U.S. at 509; *see D.H. Blair*, 462 F.3d at 110-11 (holding that arbitration award may be vacated on grounds of manifest disregard for law); *Banco de Seguros del Estado v. Mutual Marine Office. Inc.*, 344 F.3d 255, 260 (2d Cir. 2003) (holding that court may refuse to enforce arbitrator's award where it is contrary to public policy); *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 208 (2d Cir. 2002) (holding that absent arbitrator's evident partiality, corruption, or "manifest disregard of law," arbitration award must be confirmed on timely application of party).

Nevertheless, "default judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair*, 426 F.3d at 107. Instead, a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment," and where the non-movant has failed to respond, the court "may not grant the motion without examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109-10; *The Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (holding that court's decision whether moving party has met its burden of demonstrating that there is no material issue of fact must be based on record, including arbitration agreement and award).

Summary judgment may not be granted unless all the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of demonstrating the absence of an issue of material fact rests on the moving party. *See Sista v. CDC Ixis N. Amer., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006). "Even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair*, 426 F.3d at 107 (citation omitted). In ruling on a summary judgment motion, the court must view all facts in

4

the light most favorable to the non-moving party. *See id.*

The record supports Abondolo's petition. First, Article 41 of the Agreement provides that any dispute regarding Meat Corp.'s failure to make contributions to the Funds is subject to arbitration. (Pet.'s Br., Ex. B, Art. 41.) As such, the arbitrator was empowered to assess damages arising from a breach of the Agreement. Second, the Agreement requires Meat Corp. to make monthly payments to the Funds, and permits the Union to bring an action to collect delinquent contributions and any other costs or expenses incurred in an arbitration or court proceeding, including interest and reasonable attorney's fees. (*Id.*) Therefore, the arbitrator acted within the scope of his authority by awarding an amount that included the unpaid contributions, interest, liquidated damages, attorney's fees, and other costs of arbitration. (Pet.'s Br., Ex. C). Finally, there is no evidence that the arbitration decision was made arbitrarily, exceeded the arbitrator's authority, or otherwise was contrary to law. Accordingly, the Court grants Abondolo's unopposed Petition to Confirm Arbitration Award. Because the Arbitration Award is for a sum certain, no further inquiry into damages is necessary, and judgment in the amount of \$3,713.33 is appropriate, with a credit for Meat Corp. in the amount of \$898.67. *See, e.g., Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *6 (S.D.N.Y. Apr. 16, 2007) (confirming arbitration award and judgment for sum certain as stated in arbitration decision).

## B.  Pre-Judgment Interest

"The decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court." *SEIU v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004). In this Circuit, there is "a presumption in favor of prejudgment interest." *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984). "Courts

5

of this Circuit have found an award of pre-judgment interest to be appropriate where the agreement between the parties states that an arbitration decision is final and binding." *Herrenknecht Corp.*, 2007 WL 1149122, at \*6.

Respondent has failed to object to Petitioner's request for prejudgment interest at the proposed rate of 18%. The Agreement in this case indicated that any arbitration award was "final and binding" and that interest was to be calculated at the rate of 18%. (Pet.'s Br., Ex. B, Art. 41.) Because the defendants are bound by the terms of the Agreement, the Court in its discretion grants prejudgment interest at a rate of 18% per annum on the amounts due from the date of the award to the date judgment is entered in this matter.

## C.   Attorney's Fees and Costs

Abondolo also seeks \$5,005.00 in attorney's fees and \$507.39 in costs. "[I]n a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). Section 9 of the Federal Arbitration Act does not provide for recovery of attorney's fees. Nevertheless, "because a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be proper when a party opposing confirmation of an arbitration award refuses to abide by an arbitrator's decision without justification." *N.Y. City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03 Civ. 5122 (DAB), 2003 WL 22773355, at \*2 (S.D.N.Y. Nov. 21, 2003) (citation and internal quotation marks omitted).

A party's failure to comply immediately with an arbitration award does not necessarily warrant an award of attorney's fees. *See Great Atl. and Pac. Tea Co. v. Local Union No. 338, Retail,*

6

*Wholesale & Dep't Store Union, AFL-CIO*, No. 95 Civ. 5255 (LLS), 1996 WL 282074, at *3 (S.D.N.Y. May 28, 1996) (attorney's fees not awarded where party's refusal to comply with award and its motion to vacate were based on good faith belief that award was invalid). However, courts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court. *See, e.g.*, *Herrenknecht Corp*, 2007 WL 1149122, at *6 (awarding attorney's fees and costs when defendant refused to participate in arbitration proceedings, failed to satisfy, or even contest arbitration award, and failed to oppose petition to confirm award); *New York Dist. Council of Carpenters Pension Fund v. A Plus Flooring*, No. 07 Civ. 4070 (DLC), 2007 WL 2947464, at *3 (S.D.N.Y. Oct. 9, 2007) (finding Second Circuit precedent supports award of attorney's fees when defendant had presented no justification or reason for failure to abide by arbitrator's decision); *In Matter of Arbitration between Soft Drink and Brewery Workers Union Local 812, IBT, AFL-CIO and Ali-Dana Beverages, Inc.*, No. 95 Civ. 8081 (SAS), 1996 WL 420209, at *3 (S.D.N.Y. July 25, 1996) (awarding attorney's fees where defendant failed to either pay the award or file a motion to vacate or modify).

Here, an award of attorney's fees and costs is justified. By entering into the Agreement, Meat Corp. agreed to submit all disputes to binding arbitration. Further, the Agreement provided that the prevailing party in arbitration would be entitled to reasonable attorney's fees, costs, and expenses incurred in the enforcement of the Arbitration Award. Meat Corp. did not participate in the arbitration proceedings, failed to pay the full Arbitration Award, and did not file a motion to modify or vacate the Arbitration Award. Furthermore, Meat Corp. has not argued the award is invalid. Meat Corp. has failed to respond to the Petition, despite the fact that the Court has provided multiple

7

opportunities for a response. The Court notes that in making its first and only payment on the award, Meat Corp. endorsed the check with a notation stating that the payment was made under protest. Nevertheless, this notation alone does not constitute the meaningful opposition to the Arbitration Award that courts have required, particularly where, as here, the respondent has failed to comply in any respect with the arbitration proceedings, the petition to confirm the award, and this Court's orders. *See Soft Drink and Brewery Workers Union Local 812,* 1996 WL 420209, at *3; *Herrenknecht Corp,* 2007 WL 1149122, at *6. Even if the Court construed the notation as meaningful opposition to the Award, Meat Corp. has still failed to present any sort of justification or explanation in support of its opposition. *See New York Dist. Council of Carpenters Pension Fund,* 2007 WL 2947464, at *3. Finally, the Court finds that the amount requested in attorney's fees is reasonable, based on the invoice of hours submitted by Petitioner. (Pet.'s Br., Ex. F.)

For these reasons, the request for attorney's fees and costs for the confirmation proceeding is granted in the amount of $5,512.39.

## III. CONCLUSION

For the reasons explained above, Petitioner's motion for summary judgment is granted, the Arbitration Award is confirmed, and Petitioner is awarded pre-judgment interest at an annual rate of 18% as well as attorney's fees and costs for enforcing the award. Petitioner is directed to submit a proposed Judgment by May 16, 2008. Respondent may submit any objections on or before May 21, 2008.

SO ORDERED.

DATED:    May 8, 2008
          New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

9